IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-18-BO-2
NO. 5:12-CV-19-BO

| | |
|---|---|
| JAMES ANDRE GRAHAM,<br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>          Respondent. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

This matter is before the Court on Mr. Graham's Motion to Vacate Under 28 U.S.C. § 2255 [DE 63]. The United States responded on February 9, 2012 [DE 68] and Mr. Graham replied on February 24, 2012 [DE 73]. The Motion is now ripe for adjudication.

## BACKGROUND

On January 14, 2010, Mr. Graham was charged in a three-count indictment with conspiracy to interfere with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 1952; interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 1952; and possession of a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c). On June 2, 2010, Mr. Graham pleaded guilty to possession of a firearm in furtherance of a crime of violence.

Mr. Graham was sentenced as a career offender based on his prior state convictions for (1) possession with intent to sell and deliver marijuana, and (2) assault with a deadly weapon on a government official, fleeing to elude arrest with a motor vehicle. At sentencing, Mr. Graham objected to his designation as a career offender on the ground that his prior drug conviction did not constitute a "controlled substance offense" as defined by U.S.S.G. § 4B1.2(b) because he did not face a sentence of imprisonment exceeding one year for this offense. Mr. Graham did not file

a direct appeal. On January 12, 2012, Mr. Graham filed the instant motion for relief under 28 U.S.C. § 2255, in which he argues that he is no longer a career offender for purposes of the career offender enhancement in U.S.S.G. § 4B1.1 after the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc)

## DISCUSSION

The United States argues that Mr. Graham's claim is barred by the waiver in his plea agreement, which provided that he waived his right to file a motion pursuant to 28 U.S.C. § 2255, "excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea" [DE 32]. The United States also argues, in the alternative, that Mr. Graham has procedurally defaulted on his § 2255 claim because he did not raise the current issues on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

### I. Mr. Graham Did Not Waive His Right to File This Motion Because His Challenge Falls Outside the Scope of the Waiver

In his Rule 11 colloquy on June 2, 2010, Mr. Graham confirmed with this Court that he entered his plea agreement voluntarily and that he waived his right to appeal. Although the Court did not expressly address Mr. Graham's waiver of his right to collaterally attack his sentence, that fact is irrelevant as Mr. Graham's current challenge falls outside the scope of his waiver. Although a criminal defendant may waive his right to attack his conviction and sentence collaterally, *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005), the Fourth Circuit has held that proceedings that affect constitutional rights and fundamental fairness fall outside the scope of such waivers. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (sentence imposed in excess of maximum provided by statute or based on constitutionally impermissible factor like race

falls outside the scope of an appeal waiver); *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (challenges to the validity of sentences fall outside the scope of an appeal waiver where the challenge involves a claim that the sentence was illegal). This class of claims includes errors that the defendant "could not have reasonably contemplated" at the time of the plea agreement. *United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005). Whether a defendant was properly classified as a career offender in light of *Simmons* is such a claim–and is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *United States v. Yancey*, No. 11-4792, 2012 WL 313752, at *1 (Feb. 2, 2012) (unpublished).

## II. Mr. Graham Did Not Procedurally Default On This Claim Because He Is Actually Innocent of the Career Offender Designation

The United States contends that Mr. Graham is procedurally defaulted from raising this claim because he failed to pursue it in a direct appeal. Generally, it is true that "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, procedural default does not apply in cases where the petitioner is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

This case closely parallels the facts of *United States v. Williams*, 396 F. App'x 951 (4th Cir. 2010) (per curiam), in which the petitioner appealed the district court's denial of relief on his section 2255 petition. Mr. Williams was convicted in 2005 of unlawful possession of a firearm and ammunition by a felon, and sentenced as an armed career criminal. After the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), Mr. Williams filed a section 2255 petition, alleging that his South Carolina conviction was no longer a violent felony in light of *Begay*. The district court denied relief, relying on a post-*Begay* Fourth Circuit decision that was subsequently overturned by the Fourth Circuit in *United States v. Rivers*, 595 F.3d 558

(2010). The Fourth Circuit held that "while the district court's decision was correct under the law of this circuit when it was issued, the change in the law renders [the defendant] actually innocent of being an armed career criminal." The Fourth Circuit vacated the district court's order denying relief pursuant to section 2255 and remanded the case to the district court for resentencing in light of its recent decision in *Rivers*.

Similarly, Mr. Graham's sentence was correct under *Harp*, but the change in the law of this circuit effectuated by the en banc decision in *Simmons* renders him actually innocent of being a career offender. The career offender enhancement under U.S.S.G. § 4B1.1 applies when a defendant has two or more prior convictions of either a "controlled substance offense" or "crime of violence," each of which was "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a). Because one of his predicate convictions, for the 2005 controlled substance crime, was not a conviction punishable by imprisonment for a term exceeding one year (as a class I offense with a prior record level of I), Mr. Graham has only one predicate conviction and is no longer a career offender. Therefore, procedural default does not bar Mr. Graham from raising the issue of his career offender status on collateral review.

## CONCLUSION

For the foregoing reasons, Mr. Graham's Motion [DE 63] is GRANTED, his sentence is VACATED, and this matter will be SET FOR RESENTENCING by separate notice.

SO ORDERED, this the 2 day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE